**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

AUG 26 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50035 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-03715-LAB-1 |
| v. | |
| GUSTAVO ABRAHAM DE LUNA-ORTIZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted August 19, 2019[**]

Before:     SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Gustavo Abraham De Luna-Ortiz appeals from the district court's judgment

and challenges the conditions of supervised release imposed following his guilty-

plea conviction for attempted reentry of a removed alien, in violation of 8 U.S.C.

§ 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

vacate in part, and remand with instructions.

De Luna-Ortiz contends that the district court erred by imposing in the written judgment conditions of supervised release that the court did not orally pronounce at sentencing. We review de novo. *See United States v. Napier*, 463 F.3d 1040, 1042 (9th Cir. 2006).

The district court did not err by including in the written judgment standard supervised release conditions 1, 2, 6, 9, 10, 11, and 12 because the imposition of mandatory and standard conditions "is deemed to be implicit in an oral sentence imposing supervised release." *Id.* at 1043.

However, the district court erred by including in the written judgment conditions 4, 7, and 8 because it did not provide De Luna-Ortiz with the requisite notice of these now nonstandard conditions. *See id.* (district court denies defendant the right to be present for the imposition of sentence if it adds nonstandard conditions to defendant's sentence after the sentencing hearing).

Because it appears that the district court intended to include in the written judgment the current versions of standard conditions 3, 5, and 13, we remand to the district court to conform the written judgment to the current version of standard conditions 3, 5, and 13.

In light of this disposition, we need not reach De Luna-Ortiz's constitutional challenges to some of the standard conditions included in the written judgment. To the extent he argues that all of the standard conditions are substantively

unreasonable because he will not be serving his supervised release in the United States, we conclude that the district court did not abuse its discretion. *See United States v. Stoterau*, 524 F.3d 988, 1002 (9th Cir. 2008).

**AFFIRMED in part; VACATED in part; and REMANDED.**